# Roche Supply, Inc. v. O'Hara

C.P. of Lackawanna County, No. 2013 CV 4057

*John I. Siejk*, for plaintiff.
*Bruce L. Phillips*, for defendants.

MINORA, *J.*, June 26, 2014—(1.) Plaintiff Roche Supply, Inc. (hereinafter "Roche") presents a seven count civil collection complaint, based upon written instruments that is subject to preliminary objections by defendants James T. O'Hara, Individually (hereinafter "JTOH") and James T. O'Hara, Inc. (hereinafter "JTOH, Inc."). For the reasons that follow, all preliminary objections are overruled, denied and dismissed.

(2.) The cause of action arises out of a collection contract for goods sold between Roche and JTOH, Inc. As a condition precedent to these transactions, Roche and JTOH, Inc. entered into a credit application and sales agreement along with an individual guarantee by JTOH. (*See* exhibits A and B of plaintiff's pleadings).

Plaintiffs Amended Complaint

(3.) Roche filed an original complaint which drew preliminary objections by defendants. Roche then amended as of course per our civil rules and the seven count amended complaint also drew a second set of preliminary objections by the defendants which are the subject of this opinion.

(4.) The first count of the amended complaint sounds in breach of contract based upon the above referenced credit application and sales agreement. It alleges the

contract breach, the amount claimed and the interest rate per contract on the unpaid balance. JTOH, Inc. does not object to count I.

(5.) Count II of Roche's amended complaint sounds in, "breach of implied in law contract — unjust enrichment." It incorporates all the earlier allegations of JTOH, Inc.'s receipt of goods and non-payment for same along with new allegations that JTOH, Inc. received the goods and used them for it's benefit and to the detriment of the plaintiff thus unjustly enriching JTOH, Inc.

(6.) Count III of Roche's amended complaint sounds in, "breach of implied in fact contract — quantum meruit." This count likewise incorporates the earlier allegations of JTOH, Inc.'s receipt of goods and non-payment of same along with new allegations that JTOH, Inc. should appreciate that the goods Roche delivered to JTOH had value and that JTOH, inc. should recognize they would then have a responsibility to pay for the same. In the face of this and a continued non-payment, JTOH, Inc. has breached the contract implied in fact.

(7.) Count IV of Roche's amended complaint sounds in, "account stated." This count is also incorporates all the previous allegations and adds that Roche has sent numerous invoices of JTOH, Inc. demanding payment for goods sold. Further, it is alleged JTOH, Inc. never disputed the amounts sought therefore, it concludes that JTOH, Inc. owes Roche the amount sought plus interest at the rate of 1.5% per month, service charges, collection costs and attorneys fees plus all other amounts allowed per the credit application and sales agreement at law. JTOH, Inc. does not object to count IV.

(8.) Count V of Roche's amended complaint sounds in, "negligent misrepresentation." It incorporates all

earlier allegations and also adds that Roche relied upon JTOH's written and oral representations regarding his creditworthiness, ability to pay, character, judgment and intention to pay for the goods sold. The count goes on to allege that JTOH knew or should have known his representations when made to Roche were untrue and that Roche would rely upon them. Roche did reply upon JTOH's negligent representations and suffered harm and therefore, JTOH owes Roche for the harm Roche suffered.

(9.) County VI of Roche's amended complaint sounds in, "fraudulent misrepresentation." This count, like all others, incorporates all earlier allegations and also adds that Roche relied upon JTOH's written and oral misrepresentations regarding his creditworthiness, ability to pay, character, judgment and intention to pay for the goods sold. This count further alleges that JTOH knew his representations to Roche were untrue and further JTOH knew that Roche would rely upon them to his detriment. Based upon this, Roche extended credit to JTOH, Inc. JTOH's company and Roche sustained harm based upon JTOH's intentional fraudulent misrepresentation.

(10.) Count VII of Roche's amended complaint sounds in, "PA Contractor and subcontractor payment act." This last count concludes with the same pattern of incorporating all earlier allegations made into the count. Additionally, this final count alleges that JTOH and/or JTOH, Inc. fit the statutory definition of contractor and/or a person authorized or engaged by an owner to improve real property. Alternatively, Roche argues they would fit similarly under the statutory definition of subcontractor or one working as a subcontractor to improve real property. Roche then invokes the provisions of the Pennsylvania contractor and subcontractor payment act to the facts

alleged in his amended complaint.

## Preliminary Objection

(11.) Despite the fact that Roche's amended complaint contains seven counts, defendants JTOH, Inc. and JTOH have chosen to object to four counts only. Since the objections only apply to Roche's amended complaint counts II, III, V and VI, we shall confine our analysis to those areas to which defendants object.

(12.) Defendants collectively first objected to both counts II and III pursuant to Pa. R.C.P. 1028(a)(2) and (a)(3) which allows preliminary objection for, "(2) failure of a pleading to conform to law or rule of court or inclusion of scandalous or impertinent matter." Pa. R.C.P. 1028(a)(3) permits preliminary objection where there is, "(3) insufficient specificity in a pleading." The substance of the objection raised by defendants is that Roche's complaint is a breach of contract action arising out of the written "credit application and sales agreement." Therefore, the gist of Roche's action is a breach of contract based upon a violation of a written instrument. As such defendants claim that a breach of implied in law contract — unjust enrichment at count II and breach of implied in fact contract — quantum meruit at count III are improper since they change the gist of the action since both are equitable remedies to be invoked only in the absence of a written agreement.

(13.) Similarly, defendants next collectively object to both count V and VI pursuant to Pa. R.C.P. 1028(a)(2) and 1028(a)(4) Pa. R.C.P. 1028(a)(2) has already been referenced above at paragraph twelve.

(12). Pa. R.C.P. 1028(a)(4), references, "legal sufficiency of a pleading (demurrer)." The substantive objections are

similar to those raised above. Defendants state that the gist of Roche's action is breach of written contract and breach of a written guarantee agreement contained within the "credit application and sales agreement." Counts V and VI of Roche's amended complaint sound against JTOH individually and state claims based upon negligent misrepresentations and fraudulent misrepresentations by JTOH in his individual capacity. JTOH objects stating that any alleged misrepresentations are tort claims contrary to JTOH's gist of the action as a breach of contract claim based upon written instrument.

## Governing Law

(14.) For the reasons set forth below, all defendants' preliminary objections are misplaced and inappropriate at this juncture and will be overruled, denied and dismissed. Pennsylvania is a fact pleading state and "the material facts on which a cause of action or defense is based shall be stated in a concise and summary form." Pa. R.C.P. 1019(a).

(15.) It is well established that preliminary objections which seek to dismiss a complaint such as a demurrer under Pa. R.C.P. 1028(a)(4) can only be properly granted if the contested pleading on its face is legally insufficient.

(16.) Preliminary objections in the nature of a demurrer require the court to resolve issues SOLELY on the basis of the pleadings and NO TESTIMONY OR OTHER EVIDENCE OUTSIDE OF THE COMPLAINT MAY BE CONSIDERED TO DISPOSE OF THE LEGAL ISSUES PRESENTED BY THE DEMURRER. All material facts set forth in the pleading and all reasonable inferences reasonably deducible therefore must be admitted as true. [Emphasis added]. *See Kirschner v. K&L Gates, LLP*, A.3d, 2012 WL 1662075 (Pa. Super. 2012). [Internal

citations omitted].

(17.) In determining whether to grant preliminary objections, we can only look to the COMPLAINT together with any documents or exhibits attached thereto, in order to evaluate the sufficiency of the facts contained therein. The impetus of our inquiry is to determine the legal sufficiency of the COMPLAINT alone and whether the COMPLAINT alone would permit recovery if ultimately proven. Such preliminary objections can only be sustained where the case is clear and free from doubt. *Kirschner v. K&L Gates, LLP*, *supra*. *See also Bavada Nurses, Inc. v. Com. Dept. of Labor and Industry*, 8 A.3d 866 (Pa. 2010).

(18.) With these standards in mind, we now examine whether Roche has properly pleaded causes of action for negligent misrepresentation and fraudulent misrepresentation. Roche's complaint alleges that both JTOH and JTOH, Inc. breached duties imposed upon them by their mutual consensus and agreement. The allegations in counts V and VI factually allege that fraud in the application process at the outset of the written agreement and guaranty fraudulently induced Roche to enter into these agreements. (*See* amended complaint).

(19.) Roche alleged that both defendants made financial misrepresentations to him. Roche alleges these financial misrepresentations were fraudulent; they were material to the transactions; that defendants intended that Roche rely upon these fraudulent misrepresentations and that this reliance caused Roche to suffer harm. This represents the elements necessary to plead fraudulent misrepresentation *Shane v. Hoffman*, 324 A.2d 532 (Pa. Super. 1974); Restatement of Torts § 525-552. Fraudulent herein requires defendants possess scienter. *Ibid.*

(20.) When you substitute the term "negligent" for

fraudulent in paragraph 22, second sentence, you have also pled negligent misrepresentation.

(21.) Since both types of misrepresentation, fraudulent and negligent, are properly plead, the objections by JTOH and JTOH, Inc. under Pa. R.C.P. 1028(a)(4) must fail. The amended complaint presents and pleads, in a legally sufficient manner, both types of fraudulent misrepresentation.

(22.) Defendant's objections per Pa. R.C.P. 1028(a)(2) raise the gist of the action doctrine as barring counts II and III as well as V and VI because with regard to Roche's counts II and III defendants substantively objects to plaintiffs pleading unjust enrichment and quantum meruit as being barred when suit is brought based upon a writing. Regarding Roche counts V and VI, JTOH individually objects to individual liability as being violative of the gist of the action doctrine converting a breach of contract action based upon a written instrument into an intentional tortuous action.

### Legal Standard

(23.) Pa. R.C.P. 1019(a) requires that the material facts upon which a cause of action is based be stated in a concise and summary from and be sufficiently specific as to enable a defendant to prepare a proper defense.

(24.) Pa. R.C.P. 1028 governs preliminary objections and Pa. R.C.P. 1028(a)(2), (3) and (4) have been raised by defendants herein. As noted, 1028(a)(2) deals with the failure of a pleading to conform to law or rule of court. Pa. R.C.P. 1028(a)(3) deals with insufficient specificity in a pleading and Pa. R.C.P. 1028(a)(4) deals with legal insufficiency in a pleading (demurrer).

(25.) As first glance, defendant's objections under

the gist of the action regarding a written instrument not allowing for unjust enrichment and quantum meruit and tortuous conduct not being allowed in a contract action have some surface appeal.

(26.) On further research and reflection however, these arguments of defendants fail both procedurally and substantively. From a procedural standpoint, preliminary objections should not be sustained unless it appears with certainty that the law would permit no recovery. *Bavada Nurses. Inc. v. Com. Dept. of Labor and Industry*, 958 A.2d 1050, 1053 (Pa. Cmwlth. 2008). As noted here, the substance of drafting in Roche's counts II, III, V and VI is not being questioned. The coupling of Roche's counts of torts or equitable actions with a breach of contract action is the substance of defendant's objection. If there exists any doubt as to whether preliminary objections should be granted it should be resolved in favor of overruling the objection. *Sheffield v. Dept. of Corrections*, 894 A.2d 836 (Pa. Cmwlth. 2006).

(27.) In reviewing preliminary objections in the nature of a demurrer, the material facts set forth in the pleading and all inferences reasonably deductible therefrom must be admitted as true. *Cooper v. Frankford Health Care System, Inc.*, 960 A.2d 134 (Pa. Super. 2008) *appeal denied* 970 A.2d 431 (Pa. 2009). A demurrer objection required the court to resolve the issues solely on the basis of pleadings. *Id.*

(28.) Finally, from a procedural standpoint, Pa. R.C.P. 1020 entitled, "Pleading More Than One Course of Action. Alternative Pleading. Failure to Join. Bar" at subparagraph (a) specifically permits a plaintiff to plead more than one cause of action. Pa. R.C.P. 1020(a) states:

"(a) The plaintiff may state in the complaint more

than one cause of action cognizable in a civil action against the same defendant. Each cause of action and any special damage related thereto shall be stated in a separate count containing a demand for relief."

(29.) Further at Pa. R.C.P. 1020(c) it states that, "causes of action and defenses may be pleaded in the alternative.

(30.) On a substantive note, while the case of *Braun v. Wal-Mart Stores, Inc.*, 24 A.3d 875 (2011) does stand for the proposition noted by defendants that the doctrine of unjust enrichment is inapplicable when the relationship between parties is founded on a written agreement or express contract. Such an objection being raised at the preliminary objection phase is premature. Our only concern here is whether the plaintiff pleads his alternative pleadings or counts in a legally correct fashion or format. This narrow concern arises out of our focus only in the pleadings. Neither defendant has yet to file an answer. Hypothetically they could deny they signed the contract in their answer and the written instrument count could fail thus mooting or voiding any gist of the action issue. The objection noted here is more properly raised on summary judgment after the conclusion of discovery. Even at that stage however, plaintiff's right to amend their cause of action is to be liberally granted and at the resting of Roche's case at trial they can move to amend their case to conform to their proof at trial. Accordingly, all of these gist of the action arguments raised by JTOH and JTOH, Inc. are dismissed and denied as not appropriate to raise at the preliminary objection juncture.

(31.) This same argument addresses the Defendant's argument raised in *Mirizio v. Joseph*, 4 A.3d 1073 (2010). In *Mirizio*, at page 1084, our Superior Court stated,

"...in determining whether a particular tort claim is

barred by the gist of the action doctrine the central analysis is whether the claim is based on contractual duties or conversely whether the contract is collateral to the tort claim that is based on duties imposed by larger societal policies embodied in the law of torts."

Further in *Mirizio, Ibid.* at page 1085 the Superior Court concluded, "...we conclude that Mirizio's actions constituted fraud in the inducement and therefore the claim for fraud and misrepresentation was not barred by the gist of the action doctrine."

(32.) Roche adequately plead that JTOH individually and on behalf of JTOH, Inc. has made improper misrepresentations in the credit application and sales agreement and in the guarantee agreement. Roche has pled a scheme by both defendants to induce Roche to offer JTOH, Inc. credit and access to his goods based upon same. Therefore, the gist of Roche's fraud claim sounds in fraudulent inducement by both JTOH and JTOH, Inc. to induce Roche to enter into the written document at issue. The performance of defendant's duties under the agreement is essential to the inducement of Roche by both defendants.

Accordingly, the fraud claim is not barred by the gist of the action doctrine. Accordingly, we conclude that Roche's fraud claims at counts V and VI are not barred by the gist of the action doctrine. *Mirizio, Ibid,* at 1087.

## ORDER

And now to wit, this 26th day of June 2014, all defendants' preliminary objections to Roche's complaint are overruled, denied and dismissed. Both defendants are ordered to file their answer on the merits within twenty (20) days of the date of this order.